# Supreme Court of Florida

No. SC2023-1678

**IN RE: AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE 1.080 AND 1.310.**

July 3, 2024

PER CURIAM.

The Florida Bar's Civil Procedure Rules Committee has filed a report proposing amendments to Florida Rules of Civil Procedure 1.080 (Service and Filing of Pleadings, Orders, and Documents) and 1.310 (Depositions Upon Oral Examination). The amendments were unanimously approved by the Committee, and The Florida Bar's Board of Governors recommends their acceptance. We previously published the amendments for comment in *The Florida Bar News* and received no comments. Having considered the Committee's report, we hereby amend the Florida Rules of Civil Procedure as proposed by the Committee, though we make one additional modification. The changes, including our modification, are addressed below.

First, the title of rule 1.080 is changed to "Service and Filing of Pleadings; Orders; Documents; and Transcripts"—replacing commas in the title with semi-colons and expanding the list of topics to include transcripts. In addition, a new subdivision (d) (Format of filed transcripts) is added to rule 1.080. New subdivision (d) provides that transcripts filed with the court must be in full-page format, unless the court authorizes condensed transcripts, and that PDF versions must be text-searchable.

Next, the title of rule 1.310 is changed to "Depositions on Oral Examination"—replacing the word "upon" with "on." In addition, subdivision (b)(6) is amended to add "or other entity" to the list of entities that can be named as deponents in notices. As amended, rule 1.310 will encompass limited liability companies and other types of organizations that fall within the scope of the corresponding federal rule, Federal Rule of Civil Procedure 30(b)(6). Also, a new subdivision (f)(3)(C) is created, providing that transcripts filed with the court must be in full-page format unless the court authorizes condensed transcripts in a given case. Additionally, Committee Notes are added to both rules to explain the rationale behind the amendments, and minor technical

revisions are made to provide clarity and conform with our pronouncements in *In re Guidelines for Rules Submissions*, Florida Administrative Order No. AOSC22-78 (Fla. Oct. 24, 2022).

Finally, we make one modification that was not proposed in the Committee's report. We amend subdivisions (d) and (f) of rule 1.310 by replacing references to specific provisions of rule 1.280 (General Provisions Governing Discovery) with general references to the rule. Thus, rule 1.310(d) is amended to provide that the court "may limit the scope and manner of the taking of the deposition under rule 1.280"—replacing a specific reference to rule 1.280(c). Similarly, rule 1.310(f)(3) is amended to provide that deposition copies "may be filed in compliance with Florida Rule of General Practice and Judicial Administration 2.425 and rule 1.280 by a party or the witness . . ." and that "the filing party must comply with rules 2.425 and 1.280"—replacing specific references to rule 1.280(g).

Accordingly, the Florida Rules of Civil Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-

- 3 -

through type.  The amendments shall become effective October 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Cosme Caballero, Chair, Civil Procedure Rules Committee, Miami, Florida; Judson Lee Cohen, Past Chair, Civil Procedure Rules Committee, Miami Lakes, Florida; and Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

## APPENDIX

## RULE 1.080.  SERVICE AND FILING OF PLEADINGS~~,~~; ORDERS~~,~~; ~~AND~~ DOCUMENTS; AND TRANSCRIPTS

**(a)**    **Service.** Every pleading ~~subsequent to~~after the initial pleading, all orders, and every other document filed or required by statute or rule to be served in the action must be served in conformity with the requirements of Florida Rule of General Practice and Judicial Administration 2.516.

**(b)**    **Filing.** All documents ~~shall~~must be filed in conformity with the requirements of Florida Rule of General Practice and Judicial Administration 2.525.

**(c)**    [No Change]

**(d)**    **Format of Filed Transcripts.** All transcripts filed with the court must be in full-page format, unless condensed transcripts are authorized by the court. The Portable Document Format ("PDF") file(s) of all transcripts must be text searchable.

## Committee Notes

**2024 Amendment.** Rule 1.080(d) aligns the civil rules with the Florida Rules of Appellate Procedure, which require filing full-page format transcripts, including depositions, in all appellate courts. This rule does not prevent the use of condensed transcripts for other purposes.

# RULE 1.310.   DEPOSITIONS ~~UPON~~ ORAL EXAMINATION

**(a)   When Depositions May Be Taken.** After commencement of the action any party may take the testimony of any person, including a party, by deposition ~~upon~~ oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition within 30 days after service of the process and initial pleading on any defendant, except that leave is not required:

(1)__if a defendant has served a notice of taking deposition or otherwise sought discovery~~,~~; or

(2)__if special notice is given as provided in subdivision (b)(2) of this rule.

The attendance of witnesses may be compelled by subpoena as provided in rule 1.410. The deposition of a person confined in prison may be taken only by leave of court on ~~such~~ terms ~~as~~set by the court ~~prescribes~~.

**(b)   Notice; Method of Taking; Production at Deposition.**

(1) – (3)   [No Change]

(4)   Any deposition may be audiovisually recorded without leave of the court or stipulation of the parties, provided the deposition is taken in accordance with this subdivision.

(A) – (B)   [No Change]

(C)   Procedure. At the beginning of the deposition, the officer before whom it is taken must, on camera:

(i)___identify the style of the action~~,~~;

(ii)__state the date~~,~~; and

(iii)__put the witness under oath as provided in subdivision (c)(1).

(D) – (E)    [No Change]

(5)    [No Change]

(6)    In the notice a party may name as the deponent a public or private corporation, a partnership or association, or a governmental agency, or other entity, and designate with reasonable particularity the matters on which examination is requested. The organization so named must designate ~~one~~1 or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated must testify about matters known or reasonably available to the organization. This subdivision does not ~~preclude~~prohibit taking a deposition by any other procedure authorized in these rules.

(7)    A deposition may be taken by communication technology, as that term is defined in Florida Rule of General Practice and Judicial Administration 2.530, if stipulated by the parties or if ordered by the court on its own motion or on motion of a party. The order may ~~prescribe the manner in~~direct the method by which the deposition will be taken. In addition to the requirements of subdivision (b)(1), a party intending to take a deposition by communication technology must:

(A) – (B)    [No Change]

(8)    [No Change]

(c)    [No Change]

(d)    **Motion to Terminate or Limit Examination.** At any time during the taking of the deposition, on motion of a party or of the deponent and on a showing that the examination is being conducted in bad faith or in ~~such~~any manner as unreasonably to annoy, embarrass, or oppress the deponent or party, or that objection and instruction to a deponent not to answer are being made in violation of rule 1.310(c), the court in which the action is pending or the circuit court where the deposition is being taken

may order the officer conducting the examination to cease immediately from taking the deposition or may limit the scope and manner of the taking of the deposition under rule 1.280(c). If the order terminates the examination, it shallwill be resumed thereafter only on the order of the court in which the action is pending. UpoOn demand of any party or the deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order. The provisions of rRule 1.380(a) applyies to the award of expenses incurred in relation to the motion.

(e)   **Witness Review.** If the testimony is transcribed, the transcript must be furnishedprovided to the witness for examination and must be read to or by the witness unless the examination and reading are waived by the witness and by the parties. Any changes in form or substance that the witness wants to make must be listed in writing by the officer with a statement of the reasons given by the witness for making the changes. The changes must be attached to the transcript. It must then be signed by the witness unless the parties waived the signing or the witness is ill, cannot be found, or refuses to sign. If the transcript is not signed by the witness within a reasonable time after it is furnishedprovided to the witness, the officer must sign the transcript and state on the transcript the waiver, illness, absence of the witness, or refusal to sign with any reasons given therefor. The deposition may then be used as fully as though signed unless the court holds that the reasons given for the refusal to sign require rejection of the deposition wholly or partly, on motion under rule 1.330(d)(4).

(f)   **Filing; Exhibits.**

(1)   [No Change]

(2)   UponAfter payment of reasonable charges, therefor the officer must furnishprovide a copy of the deposition to any party or to the deponent.

(3)   A copy of a deposition may be filed only under the following circumstances:

(A)    It may be filed in compliance with Florida Rule of General Practice and Judicial Administration 2.425 and rule 1.280~~(g)~~ by a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court. Prompt notice of the filing of the deposition must be given to all parties unless notice is waived. A party filing the deposition must ~~furnish~~provide a copy of the deposition or the part being filed to other parties unless the party already has a copy.

(B)    If the court determines that a deposition previously taken is necessary for the decision of a matter pending before the court, the court may order that a copy be filed by any party at the initial cost of the party, and the filing party must comply with rules 2.425 and 1.280~~(g)~~.

(C)    Deposition transcripts filed with the court must be filed in full-page format, unless condensed transcripts are authorized by the court.

**(g)**    [No Change]

**(h)    Failure to Attend or to Serve Subpoena; Expenses.**

(1)    If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney ~~pursuant to~~under the notice, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by the other party and the other party's attorney in attending, including reasonable attorneys' fees.

(2)    [No Change]

### Committee Notes

**1972 Amendment – 2011 Amendment.** [No Change]

**2024 Amendment.** Subdivision (b)(6) is amended, see *Fed. R. Civ. P.* 30(b)(6), Committee Notes on 2007 Amendment. Subdivision (f)(3)(C) is added to align the civil rules with the Florida Rules of Appellate Procedure, which require filing of full-page format transcripts, including depositions, in all appellate courts. This rule

does not prevent the use of condensed transcripts for other purposes.

## Court Commentary

**1984 Amendment.** [No Change]